UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**NATIONWIDE AGRIBUSINESS**
**INSURANCE COMPANY,**

    Plaintiff,

**FRANSISCO ALCALA,**

    Involuntary Plaintiff,

**Case No. 12-C-1227**

    -vs-

**MELLER POULTRY EQUIPMENT, Inc. and**
**MELLER ANLAGENBAU GMBH,**

    Defendants.

## DECISION AND ORDER

The defendant, Meller Anlagenbau GmbH ("Meller"), moves to compel production of the social security number of Jesus Rivera, the sole witness to the accident that gave rise to this lawsuit.

In response, Nationwide notes that it does not possess this information. To the extent that Meller seeks to compel Nationwide's insureds to produce this information, those entities (S&R Egg Farm, Inc. and Cold Spring Egg Farm, Inc.) are not parties to this litigation. The proper vehicle to compel the production of documents by non-parties is a motion to enforce under Rule 45. *See United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 484 (D. Md. 2002) ("When a nonparty receives a subpoena to

which it objects, it has several options: file a motion to quash or modify the subpoena . . . , seek a protective order . . . , or . . . *object to production of documents by opposing a motion to compel* under Fed. R. Civ. P. 45(c)(2)(B)") (emphasis added). The subpoenas were issued by the Eastern District of Wisconsin, so the Court would have jurisdiction to entertain such a motion, but no such motion has been filed. *Costello v. Poisella*, 291 F.R.D. 224, 228-29 (N.D. Ill. 2013) ("It is the issuing court that has the necessary jurisdiction over the party issuing the subpoena and the person served with it to enforce the subpoena").

Meller's motion to compel [ECF No. 42] is **DENIED**

Dated at Milwaukee, Wisconsin, this 15th day of January, 2014.

                                    **BY THE COURT:**

                                    _____
                                    **HON. RUDOLPH T. RANDA**
                                    **U.S. District Judge**