# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NATIONWIDE AGRIBUSINESS
INSURANCE COMPANY,**

       Plaintiff,

**FRANSISCO ALCALA,**

       Involuntary Plaintiff,     **Case No. 12-C-1227**

     -vs-

**MELLER POULTRY EQUIPMENT, Inc. and
MELLER ANLAGENBAU GMBH,**

       Defendants.

## DECISION AND ORDER

This is a product liability suit arising from an injury that occurred at the S&R Egg Farm facility in Palmyra, Wisconsin. Fransisco Alcala, the involuntary plaintiff, fell through a platform manufactured by the defendants, foreign corporations collectively known as "Meller." The litigants, unfortunately, cannot and have not been able to agree on a multitude of discovery-related issues. Several motions are addressed herein.

First, the plaintiff, Nationwide Agribusiness Insurance Company, moves to modify subpoenas served upon S&R Egg Farm, Inc. and Cold Spring Egg Farms. Counsel for Nationwide represents these entities for the "limited and specific purpose of responding to the subpoenas that are the subject of this motion and does not directly represent said entities generally or for any other purpose." Accordingly, this is a proper

motion to quash. ECF No. 46, January 15, 2014 Order Denying Motion to Compel (explaining that when a "nonparty receives a subpoena to which it objects," it may "file a motion to quash or modify the subpoena . . .").

Meller requests disclosure of the social security number for Jesus Rivera, a former S&R employee and the sole eyewitness to Mr. Alcala's accident. Nationwide objects that Meller is "overreaching," but doesn't provide any reasoned explanation as to why this information is privileged or otherwise not discoverable. Indeed it is discoverable, as Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery of any non-privileged matter that is "relevant to the party's claim or defense," including "the identity and location of persons who know of any discoverable matter." The only witness to an accident giving rise to a lawsuit easily meets this standard. While Meller might otherwise be able to locate Mr. Rivera, having his social security number will make the endeavor quicker and cheaper, and Rivera's privacy interests can be protected with an appropriate confidentiality order. *See generally EEOC v. Univ. of Phoenix, Inc.*, No. CIV-05-1048 JB/WPL, 2007 WL 1302578, at *7 (D.N.M. Apr. 10, 2007) (objection to disclosure of employees' social security numbers failed to "specifically demonstrate how disclosure of this relevant information to the EEOC will adversely affect employees").

The remaining motions are interrelated, so the Court will attempt to provide context. On April 3, the Court approved a stipulation extending the deadlines for expert disclosures, expert discovery, and the filing of dispositive motions. The next day, Nationwide moved for an extension of the *fact* discovery deadline to afford an opportunity

to depose the corporate representative for Henning Construction, LLC.[1] On April 8 and April 21, Nationwide moved to quash a subpoena for the inspection of S&R's egg-laying facility.

The deadline for fact discovery expired on February 28, 2014, so in order to depose Henning Construction, Nationwide must establish that it has good cause to modify the Court's scheduling order. Fed. R. Civ. P. 16(b)(4); ECF No. 33, August 29, 2013 Decision and Order at 2. Nationwide argues that it has a substantial need for the deposition, and that Meller will suffer no prejudice therefrom. Conspicuously absent is any reference to the actual good cause standard, which "primarily considers the diligence of the party seeking the amendment," *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005), and requires parties to "show that despite their diligence the time table could not have reasonably been met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). As Meller explains, Nationwide has known that Henning designed and constructed the barn since at least mid-December, two full months before the expiration of the fact discovery deadline.

As for the inspection, Nationwide initially argues that Meller is attempting to engage in unauthorized, post-deadline fact discovery. This argument is incredibly disingenuous in light of the stipulation, referenced above, which extended the deadline for *expert discovery* for the *explicit purpose* of allowing additional time for the inspection.

---

[1] In a corresponding motion, Meller moved to quash the subpoena served upon Henning Construction. As with Nationwide's motion to quash on behalf of S&R, the Court will presume that Meller is acting on behalf of Henning Construction, although the motion seems unnecessary and duplicative in any event.

ECF No. 50 at 2 ("WHEREAS, the parties have been and are in the process of scheduling an inspection for Meller's experts to inspect the location of the underlying incident and anticipate doing so within the month of April, 2014").

Perhaps realizing that this argument was a loser, Nationwide shifted its focus, filing a more extensive brief outlining the potential dangers of allowing outsiders to inspect the egg farm. Fed. R. Civ. P. 45(d)(3)(iv) (courts must modify or quash a subpoena that imposes an undue burden). As a result, the Court has learned a great deal regarding the inner workings of an egg-laying facility. For example, the barns in the S&R facility are populated with many thousands of birds. Those birds are susceptible to illness and injury, including cannibalism and disease, if startled, and the presence of untrained humans, loud or sudden noises or movements, excessive lighting and other factors will injure the birds. The problem is so severe that if the birds become stressed, it can have a cascading effect, leading to the eradication of the entire bird population. Moreover, S&R is subject to strict regulatory requirements which, if violated, would threaten S&R's relationship with over 95% of its customers. According to D. Lee Borneman, S&R's Director of Quality and Safety, Meller's proposed inspection "threaten[s] the very existence of S&R." "It is our prayer that the Court sees the injustice in that approach and bars Meller from conducting any inspection, or if an inspection is required, that Meller be required to adhere to S&R's operating, safety and quality requirements so that S&R may continue as a going concern." Borneman Affidavit, ECF No. 57.

The Court is sympathetic to S&R's concerns, but it begs the question as to why Nationwide's experts were given unfettered access to the facility at a time when it was in

production (barns are taken out of production every two years, a period which coincides with the productive life cycle of the hens; the barn at issue in this case, "Barn 10," will not be "depopulated" again until March, 2015). Moreover, the parties actually were working towards a mutual resolution regarding the various safety and regulatory requirements, at least until Nationwide suddenly reversed course and moved to quash the subpoenas.[2] The Court will not wade into the back-and-forth regarding the various restrictions that S&R via Nationwide seeks to impose upon Meller's inspection. Suffice it to say that a renewed motion to quash will be viewed with extreme skepticism. Ultimately, the Court cannot countenance an approach that allows one party to have unrestricted access to the site of the injury, while at the same time allowing the opposing party to have less access, or none at all.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Nationwide's motions to quash [ECF Nos. 47, 52, 56] are **DENIED**;

2. Nationwide's motion for an extension of the fact discovery deadline [ECF No. 51] is **DENIED**;

3. Meller's motion to quash the subpoena served upon Henning Construction [ECF No. 55] is **DENIED** as moot;

---

[2] When Meller objected to Nationwide's attempt to depose Henning Construction, Counsel for Nationwide indicated that S&R was "off limits" unless and until Meller agreed to an extension on fact discovery. ECF No. 53, Ex. A-17 (April 3 e-mail exchange) ("Either we all continue with this discovery or none of us do. . . . I will have no further response. In thirty minutes, I will file my opposition, along with a motion for leave to take the Henning deposition. The inspection is off. You hold the keys to putting everything back on track. The choice is yours. You have thirty minutes").

4. Meller's motion for enlargement and to extend case management dates [ECF No. 62] is **GRANTED**;

4. S&R Egg Farm must comply with the subpoenas and permit an inspection of the barn within **thirty (30) days** of the date of this Order;

5. The deadline for Meller's expert disclosures are due **thirty (30) days** after the date of the inspection;

6. The deadline for all expert discovery is **sixty (60) days** after the date of the inspection;

7. Dispositive motions are due **ninety (90) days** after the date of the inspection; and

8. The final pre-trial conference and trial dates are both **ADJOURNED**, subject to re-scheduling after the Court issues a ruling on dispositive motions.

Dated at Milwaukee, Wisconsin, this 18th day of June, 2014.

                                                  **BY THE COURT:**

                                                  _____
                                                  **HON. RUDOLPH T. RANDA**
                                                  **U.S. District Judge**